**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES ROBERT DRURY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BARCELONA HOLDINGS, LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:15-cv-02048-JCM-CWH <br><br> **ORDER AND REPORT AND RECOMMENDATION** |

This matter was referred to this Court on Plaintiff James Robert Drury's ("plaintiff") Application for Leave to Proceed <u>In Forma Pauperis</u> (doc. # 1) and Motion for Pro Se Litigant to File Electronically (doc. # 2), both filed October 23, 2015.

**BACKGROUND**

The claims in plaintiff's complaint arise from a stay at Defendant Barcelona Holdings, LLC's hotel, the Siegel Slots and Suites, located at 5011 East Craig Road, North Las Vegas, Nevada, from February 4, 2012 to November 23, 2013. Plaintiff alleges that while he and his son were staying at the hotel, he was unlawfully charged a transient lodging tax of 12% that should have ceased after the 30th day of his stay. Plaintiff further alleges that when he complained to the hotel and to the Clark County Auditor's office, the hotel retaliated by evicting plaintiff and his son. Plaintiff seeks reimbursement for his overpayment, damages and costs, attorney's fees, interest, and any other relief the Court deems appropriate.

//

//

**DISCUSSION**

**1.    Application to Proceed In Forma Pauperis (Doc. # 1)**

Plaintiff has submitted the affidavits required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. As such, plaintiff's request to proceed in forma pauperis is granted.[1]

**2.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court additionally screens a complaint pursuant to 28 U.S.C. § 1915(e).

**a.    Court's Jurisdiction**

According to plaintiff, this Court has diversity jurisdiction over the instant action. Under 28 U.S.C. §1332, federal district courts have original jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and is between "citizens of different states." 28 U.S.C. §1332(a).

Here, plaintiff alleges damages of $599,925.19. Plaintiff also alleges that he is a resident of the state of Washington, while Defendant Barcelona Holdings, LLC, d/b/a Siegal Slots and Suites, is a Nevada limited liability corporation, with its principal place of business at 3790 Paradise Road, Suite 250, Las Vegas, Nevada. Plaintiff further alleges that the individual defendants named in the complaint are officers or employees of the corporation, and residents of Nevada. Based on the information provided, the Court finds that it has diversity jurisdiction over this action.

**b.    Plaintiff's Claims**

Federal courts have authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e), a plaintiff is generally given leave to amend, with instructions as to curing the complaint's deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] The Court notes that while plaintiff's application states he receives $195.00 in state benefits, the attachment to the application shows that plaintiff actually receives $197.00 in state benefits. Compare Doc. # 1 at 1, with Doc. # 1 at 3.

Here, plaintiff asserts various claims pursuant to the Nevada Revised Statutes ("NRS"), Clark County Code, and common law. First, plaintiff alleges a violation of NRS 41.600, which allows actions by victims of consumer fraud or deceptive trade practices. According to plaintiff, defendants fraudulently represented room rates and unlawfully charged plaintiff amounts contrary to Clark County Code 4.08.050, which governs lodging tax exemptions in Las Vegas. Plaintiff states a colorable claim under NRS 41.600.

Second, plaintiff alleges that defendants retaliated against him, in violation of NRS 118A.510, which prohibits a landlord from terminating a tenancy when a tenant complains in good faith of, among others, a building, housing, health code, or other violation applicable to the premises. According to plaintiff, moreover, defendants engaged in an abuse of process by utilizing a "Summary Eviction Process" and serving plaintiff with an eviction notice when he complained to the Clark County Auditor's office and to hotel management and staff about being overcharged by the hotel.[2] Doc. # 1-1 at 12. Plaintiff states a colorable claim under NRS 118A.510.

Third, plaintiff alleges a cause of action for conversion. Under Nevada law, conversion exists "when a person exerts wrongful dominion over another's personal property without permission." Strack v. Morris, No. 3:15-CV-00123-LRH, 2015 WL 4647880, at 6 (D. Nev. Aug. 5, 2015) (citation omitted). Conversion is "an act of general intent, which does not require wrongful intent and is not excused by care, good faith, or lack of knowledge." Id. Money is not "the basis of a cause of action for conversion unless there is a specific, identifiable sum involved." Id. Plaintiff alleges that he is entitled to excess monies paid, explaining that the hotel unlawfully collected a 12% transient lodging tax that should have ceased after the 30th day of plaintiff's stay. Plaintiff also alleges that he was overcharged $3,425.19 and that the hotel unlawfully converted these funds for their own use. Plaintiff states a colorable claim for conversion.

Fourth and fifth, plaintiff alleges that defendants breached various other statutory duties by failing to: (1) post a printed copy of NRS 651.030 at the front desk and in every bedroom, in violation of NRS 651.030; and (2) classify plaintiff's room rate as "tax-exempt" after his 30th day at the hotel, in violation of Clark County Code 4.08.050. Doc. # 1-1 at 11. Plaintiff may proceed with these claims.

//

---

[2] The Court notes that plaintiff's complaint asserts a claim under NRS 118A.510 twice, with the Court reviewing both assertions in this section. See Doc. # 1-1 at 7, 12-13.

Sixth, plaintiff alleges that defendants failed to provide written notice to plaintiff before his room rate was increased, in violation of NRS 118A.300. NRS 118A.300 prohibits a landlord from increasing rent payable by a tenant unless the tenant is served with a written notice 45 days in advance, or 15 days in advance in the case of periodic tenancies less than one month. Plaintiff states that his room rate increased, but he fails to provide sufficient facts, including the original rate charged, the increased rate, and the applicable periods. Therefore, this claim is dismissed with leave to amend.

Seventh, plaintiff alleges that defendants violated NRS 118A.220 by implementing rules and policies contrary to law. Under NRS 118A.220(c), a rental agreement shall not require the tenant to agree to pay the landlord's attorney's fees, except the agreement may provide that reasonable attorney's fees be awarded to the prevailing party in the event of a court action. Plaintiff alleges that the Siegel Slots and Suites's Community Policies contains an "illegal provision" referring to the occupant's responsibility for "paying any attorney's fees and/or court costs." Doc. # 1-1 at 11 (citing Doc. # 1-1 at 31). Plaintiff states a colorable claim.

Eighth, plaintiff alleges that defendants violated Clark County Code 4.08.055. Under Clark County Code 4.08.055(c), an operator shall refund any over-collection of the combined transient lodging tax to the occupant from whom it was incorrectly collected. Plaintiff alleges that defendants refused to refund monies that plaintiff overpaid. Plaintiff states a colorable claim.

Ninth, plaintiff alleges that defendants committed fraud. Under Nevada law, fraud exists when: (1) a defendant makes a false representation; (2) with knowledge or belief that the representation was false, or knowledge of an insufficient basis for making the representation; (3) the representation was made with the intention of inducing the other party to act or refrain from acting upon the misrepresentation; (4) plaintiff justifiably relied upon the misrepresentation; and (5) plaintiff suffered a damage as a result of the reliance. Scaffidi v. United Nissan, 425 F. Supp. 2d 1159, 1168-69 (D. Nev. 2005). According to plaintiff, defendants deliberately failed to disclose to plaintiff that his room rate should be tax exempt after the 30th day of continuous stay and, instead, told plaintiff that he owed "delinquent charges," knowing that this statement was false to induce plaintiff to pay monies that defendants were not entitled to. Plaintiff adds that he unknowingly paid excess charges for his room, but when he learned of the overpayment and requested a refund, defendants engaged in "bullying" tactics to intimidate him not to pursue his claims.

...

1  Plaintiff states a colorable claim.

2  In addition, plaintiff alleges a claim for intentional infliction of emotional distress. To state a claim
3  for intentional infliction of emotional distress, a plaintiff must establish: (1) extreme and outrageous
4  conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) that plaintiff
5  suffered severe or extreme emotional distress; and (3) actual or proximate causation. Jones v. Clark
6  County School District, No. 2:15CV00010-APG-GWF, 2016 WL 1270996, at *3 (D. Nev. Mar. 31, 2016).
7  Plaintiff claims that defendants "deliberately and with malice" inflicted emotional distress on him and his
8  son because of the ongoing arguments with hotel management and staff, along with the eviction and
9  homelessness plaintiff and his son suffered, that resulted in plaintiff's mental and physical health issues,
10 and his son's psychological breakdown in 2013. Doc. # 1-1 at 14. Because plaintiff's allegations in
11 support of his claim are largely conclusory, and plaintiff fails to show the "extreme and outrageous
12 conduct" of defendants, this claim is dismissed with leave to amend.

13 Lastly, plaintiff alleges a claim for unjust enrichment. A claim for unjust enrichment is "not
14 available when there is an express, written contract, because no agreement can be implied when there is
15 an express agreement." Heinaman v. Fidelity & Guaranty Life Insurance Co., No. 14CV01884-RFB-GWF,
16 2016 WL 1367743, at *3 (D. Nev. Apr. 5, 2016). The doctrine of unjust enrichment applies to situations
17 "where the person sought to be charged is in possession of money or property which in good conscience
18 and justice he should not retain but should deliver to another or should pay for." Id. Plaintiff claims that
19 he was overcharged for his hotel stay, and defendants obtained and retained funds they were not entitled
20 to. However, plaintiff fails to explain whether or not a legal contract exists in this case. In light of this
21 deficiency, plaintiff's unjust enrichment claim is dismissed with leave to amend.

22 **3.      Motion for Pro Se Litigant to File Electronically (Doc. # 2)**

23 Plaintiff asks to be allowed to file documents electronically. Plaintiff alleges that he satisfies the
24 requirements for filing electronically, including an email account, and the necessary hardware and software
25 required to file electronically.

26 Pursuant to the Court's Special Order # 109, the Court grants plaintiff's motion.

27 //
28 //

**CONCLUSION, ORDER, AND RECOMMENDATION**

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Application for Leave to Proceed In Forma Pauperis (doc. # 1) is **granted**. The order granting leave to proceed in forma pauperis does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court file plaintiff's complaint (doc. # 1-1) on the record.

**IT IS FURTHER RECOMMENDED** that plaintiff be allowed to proceed with his claim under NRS 41.600 against all defendants.

**IT IS FURTHER RECOMMENDED** that plaintiff be allowed to proceed with his claim under NRS 118A.510 against all defendants.

**IT IS FURTHER RECOMMENDED** that plaintiff be allowed to proceed with his claim for conversion against all defendants.

**IT IS FURTHER RECOMMENDED** that plaintiff be allowed to proceed with his claim under NRS 651.030 against all defendants.

**IT IS FURTHER RECOMMENDED** that plaintiff be allowed to proceed with his claim under Clark County Code 4.08.050 against all defendants.

**IT IS FURTHER RECOMMENDED** that plaintiff's claim under NRS 118A.300 be **dismissed without prejudice, with leave to amend**.

**IT IS FURTHER RECOMMENDED** that plaintiff be allowed to proceed with his claim under NRS 118A.220(c) against all defendants.

**IT IS FURTHER RECOMMENDED** that plaintiff be allowed to proceed with his claim under Clark County Code 4.08.055 against all defendants.

**IT IS FURTHER RECOMMENDED** that plaintiff be allowed to proceed with his fraud claim against all defendants.

**IT IS FURTHER RECOMMENDED** that plaintiff's claim for intentional infliction of emotional distress be **dismissed without prejudice, with leave to amend**.

**IT IS FURTHER RECOMMENDED** that plaintiff's unjust enrichment claim be **dismissed without prejudice, with leave to amend**.

1    **IT IS FURTHER RECOMMENDED** that plaintiff shall have **thirty (30) days** to file an amended
2    complaint to the extent plaintiff can assert facts that address the defects of the complaint.  If plaintiff fails
3    to file an amended complaint, this action will proceed as to only those claims that have not been dismissed
4    by the Court.

5    **IT IS FURTHER RECOMMENDED** that if plaintiff chooses to file an amended complaint, the
6    amended complaint shall be complete in and of itself without reference to the previous complaint, as
7    required by Civil Local Rule 15-1.  Plaintiff shall also title the amended complaint with the words, "FIRST
8    AMENDED COMPLAINT," on page one in the caption.

9    **IT IS FURTHER ORDERED** that plaintiff's Motion for Pro Se Litigant to File Electronically
10   (doc. # 2) is **granted**.  Plaintiff must comply with the following procedures before filing electronically in
11   this case:

12   a.   On or before **Friday, April 29, 2016**, plaintiff shall provide certification that he has
13        completed the CM/ECF tutorial and is familiar with Electronic Filing Procedures, Best
14        Practices, and the Civil & Criminal Events Menu that are accessible on this Court's
15        website: www.nvd.uscourts.gov.
16   b.   Plaintiff is not authorized to file electronically until said certification is filed with the Court
17        within the time frame specified.

18   DATED: April 18, 2016

_____
**C.W. Hoffman, Jr**
**United States Magistrate Judge**