UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES ROBERT DRURY,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>BARCELONA HOLDINGS, LLC, et al.,<br><br>　　　　　　　Defendant(s). | Case No. 2:15-CV-2048 JCM (CWH)<br><br>ORDER |

　　　　Presently before the court is *pro se* plaintiff James Drury's motion for default judgment. (ECF No. 31). Defendants Barcelona Holdings, LLC, Barcelona LV Holdings, LLC, Seigel Group NV, Inc., Stephen Seigel, Michael Tisdale, Rhonda Armstrong, Celeste Souza, and Nakia Sanders filed a response. (ECF No. 36).

　　　　Also before the court is *pro se* plaintiff's second motion for default judgment. (ECF No. 41). Defendants Armstrong, Barcelona Holdings, LLC, Barcelona LV Holdings, LLC, Sanders, Seigel, Seigel Group NV, Inc, Souza, and Tisdal filed a response. (ECF No. 45).

　　　　Also before the court is *pro se* plaintiff's motion for entry of clerk's default. (ECF No. 42).

　　　　On May 18, 2016, plaintiff filed an amended complaint. (ECF No. 7). Defendants waived service on June 29, 2016, rendering answers due on July 17, 2016. (ECF Nos. 9–15). Because July 17, 2016 fell on a Sunday, responsive pleadings were due on July 18, 2016.

　　　　On July 18, 2016, defendants filed a motion for demand for security of costs (ECF No. 25, which they later withdrew (ECF No. 35) on July 27, 2016.

　　　　On July 20, 2016, plaintiff filed a motion for default judgment. (ECF No. 31). Thereafter, on July 27, 2016, defendants filed a motion to dismiss. (ECF No. 34).

**James C. Mahan**
**U.S. District Judge**

Subsequently, on August 2, 2016, plaintiff filed a second motion for default judgment (ECF No. 41), followed by a motion for entry of clerk's default (ECF No. 42) on August 3, 2016).

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

Plaintiff filed his motions for default judgment (ECF Nos. 31, 41) before filing a motion for entry of clerk's default and before any entry of clerk's default was docketed. Thus, plaintiff's motions for default judgment will be denied.

Further, plaintiff has not shown that defendants have failed to plead or otherwise defend in support of his motion for entry of clerk's default. (ECF No. 42). Therefore, plaintiff's motion for entry of clerk's default will also be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that *pro se* plaintiff James Drury's motions for default judgment (ECF Nos. 31, 41) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for entry of clerk's default (ECF No. 42), be, and the same hereby is, DENIED.

DATED October 4, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**