# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAMES ROBERT DRURY, ) Case No. 2:15-cv-02048-CWH
       Plaintiff,
       v.
BARCELONA HOLDINGS, LLC, et al., ) **ORDER**
       Defendants.

Presently before the Court is pro se Plaintiff James Robert Drury's Motion for Partial Summary Judgment (ECF No. 78), filed on January 30, 2017. Defendants Barcelona Holdings, LLC, Siegel Group NV, Inc., Barcelona LV Holdings, LLC, Stephen G. Siegel, Michael F. Tisdale, Rhonda Armstrong, Celeste Souza, and Nakia Sanders (collectively "Siegel") filed a response (ECF No. 87) on February 21, 2017, and Mr. Drury filed a reply (ECF No. 101) on March 27, 2017.

Also before the Court is Siegel's Motion for Summary Judgment (ECF No. 90), filed on February 23, 2017. Mr. Drury filed a response (ECF No. 104) on April 4, 2017, and Siegel filed a reply (ECF No. 108) on May 2, 2017.

Also before the Court is Mr. Drury's First Motion for Declaratory Judgment (ECF No. 83), filed on February 6, 2017. Siegel filed a response (ECF No. 87) on February 21, 2017, and Mr. Drury filed a reply (ECF No. 103) on March 28, 2017.

## I. Background

This case arises from a dispute as to whether Siegel improperly charged Mr. Drury a transient lodging tax ("the Tax") while he was a resident of Siegel Slots and Suites ("the Hotel"). From February 4, 2012 through November 22, 2013, Mr. Drury and his son were residents of the Hotel, which is Siegel's property. Pl's Decl. at ¶ 2 (ECF No. 78-1). Mr. Drury paid $159 for each week he resided at the Hotel, with no change to the weekly rate charged by Siegel at any time during his stay. *Id.* at ¶¶ 3, 14-15. Siegel's $159 rate was "all-inclusive," that is, he was not charged any additional amount above this rate for taxes or other fees. Decl. of Michael Tisdale, at ¶ 4 (ECF No. 86). While

1

Mr. Drury was a resident at the Hotel, it was subject to Clark County Code Chapter 4.08, ("Chapter 4.08") which provides for a tax of 12% on rent received for the first thirty days of a lodger's stay, but not thereafter. *Id.* at ¶¶ 5-6.

On March 17, 2012, Mr. Drury first complained to Siegel that he was still being charged $159 per week despite the fact that he had been a resident of the Hotel for more than thirty days. Pl's Decl. at ¶ 4. Hotel staff refused to reduce the weekly rate, and Mr. Drury continued to pay $159 per week. *Id.* at ¶ 6. Mr. Drury continued to periodically raise this issue to the staff and management for the duration of his stay. *Id.* at ¶¶ 6-17. On February 18, 2013, Mr. Drury and Michael Tisdale (a senior vice-president of The Siegel Group of Nevada, Inc.) exchanged several e-mails about whether Mr. Drury was owed a refund. Pl's Resp. to Def's Mot. for Summ. J., Ex. 4 (ECF No. 104-4).

Michael Tisdale determined that the Hotel had continued to list the Tax on bills and receipts for a number of its occupants beyond the thirty-day period for which it was applicable. Decl. of Michael Tisdale, at ¶¶ 5-6. According to Mr. Tisdale, this was due to a malfunction of the Hotel's computer system, and Mr. Drury was one of the tenants affected. *Id.* On February 27, 2013, Mr. Drury received a refund from Siegel of $920, labeled "Refund for taxes paid over 30 days." Pl's Resp. to Def's Mot. for Summ. J., Ex. 2 (ECF No. 104-2). *See also* Decl. Of Michael Tisdale, at ¶ 8. Siegel contends this payment was not an admission that any of Mr. Drury's claims are valid or that it owed Mr. Drury any money, but was motivated by a desire to retain Mr. Drury as a customer, avoid the cost of further investigation of this issue, and other unnamed factors. *Id.* Upon review of this matter, the Clark County Department of Business License did not make any specific determination that Mr. Drury was improperly charged the Tax. Decl. of Alan Bacon, at ¶¶ 5-6 (ECF No. 88). After the refund was issued, Siegel informed Mr. Drury via e-mail it planned to charge Mr. Drury $159 per week for any further time he remained at the Hotel. Pl's Resp. to Def's Mot. for Summ. J., Ex. 4 (ECF No. 104-4).

After the refund, Mr. Drury continued to pay $159 per week for the duration of his stay. Pl's Decl. at ¶ 15. Mr. Drury continued to contend that Siegel was not entitled to charge him $159 and request further refunds. *Id.* On November 19, 2013, Mr. Drury e-mailed Rhonda Armstrong, a Siegel employee, to request a refund. *Id.* at 17. The following day, Siegel posted a "Seven Day No-

Cause Notice to Quit" ("No Cause Notice") on Mr. Drury's door. Pl's Mot. for Summ. J., Ex. 6 (ECF No. 78-6). On November 22, 2013, Mr. Drury voluntarily vacated the Hotel. Pl's Decl. at ¶ 19.

On October 23, 2015, Mr. Drury filed a complaint, which he amended on May 5, 2016. Compl. (ECF No. 4); Am. Compl. (ECF No. 7). In his amended complaint, Mr. Drury brings claims against Siegel for deceptive business practices, retaliatory eviction,[1] abuse of process, failure to provide tax-exempt status, failure to post notice of hotel rates, failure to provide notice of rate increase, illegal contract, failure to refund tax overcharge, conversion, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, unjust enrichment, and breach of the covenant of good faith and faithful dealing. Underlying these claims is Mr. Drury's contention that Siegel improperly refused to reduce his room rate after the Tax no longer applied.

Mr. Drury now moves for partial summary judgment on his claims for failure to provide tax-exempt status,[2] retaliatory eviction, abuse of process, failure to refund tax overcharge, and conversion. He also moves for a declaratory judgment that Siegel violated Chapter 4.08 and seeks a court-ordered audit regarding the number of impacted tenants. Siegel counter-moves for summary judgment on all of Mr. Drury's claims, and opposes the motion for declaratory judgment.

**II.     Analysis**

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party. *Villiarmo v. Aloha Island Air, Inc.*, 281

---

[1] Referred to as both "retaliatory eviction" and "retaliatory conduct" in Mr. Drury's briefings.

[2] The First Amended Complaint includes "Failure to Disclose Hotel Tax Exemption," (First Am. Compl., at p. 3), as one of four allegations that make up the first claim for deceptive business practices. Mr. Drury's first argument in his motion for summary judgment is presented in support of a claim for "Failure to Provide Hotel Tax Exemption." Pl.'s Mot. for Summ. J., at p. 3. The Court construes this argument as made in support of his motion for summary judgment on the claim for deceptive business practices.

3

F.3d 1054, 1061 (9th Cir. 2002).

Initially, the moving party bears the burden of proving there is no genuine issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). The moving party may discharge this burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (stating that "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial"). After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial. *Leisek*, 278 F.3d at 898. The nonmoving party may not rely on the bare allegations of a complaint to defeat a summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986 (9th Cir. 2001). The Court views all evidence in the light most favorable to the non-moving party. *Id.*

**A.  Deceptive Business Practices**

Mr. Drury's first claim includes four distinct allegations against Siegel: failure to disclose the tax-exemption, misrepresentation, fraudulent concealment, and fraudulent conversion. Mr. Drury claims that Siegel failed to disclose that the Tax does not apply to lodgers who stay for more than thirty days, that Siegel misrepresented and concealed its duties to comply with Chapter 4.08, and that he was entitled to a reduced rate for most of his stay at the Hotel since the Tax no longer applied after the first thirty days. The parties both move for summary judgment on this claim. Mr. Drury argues that the Hotel did not lower his rate after the thirty-day period, so did not apply the exemption required under § 4.08.050(b), and that §§ 4.08.055(c) and 4.08.075(c) provide for a private right of action. Siegel argues that Chapter 4.08 does not provide a private right of action, nor does it require that the Tax be passed along to guests, so it is not obligated to reduce its rate after that exemption applies. Siegel further argues that in any event, Mr. Drury was never charged the Tax, so it did not misrepresent or conceal any relevant fact.

4

Chapter 4.08 provides for a tax of 12% on all transient lodging establishments, to be collected from "every operator in Clark County." Clark County Code § 4.08.010. The Tax applies only to rents received for the first thirty days of a lodger's residency. *Id.* at § 4.08.050(a). The Tax "constitutes a debt owed by the operator to the county which is extinguished only by payment thereof to the Clark County department of business license." *Id.* at § 4.08.010(b). The Tax "may be collected from the paying transient guests and may be shown as an addition to the rent charged by the transient lodging establishment[,]" but only the operator is liable for the Tax "whether or not it is actually collected from the paying transient guest." *Id.* at § 4.08.010(c). There is no provision of Chapter 4.08 that mandates that the Tax be included in the rent charged to transient guests, nor is there any requirement that operators reduce rates after thirty days, when the Tax no longer applies.

Enforcement of the provisions of the Tax is explicitly granted to the director of the Clark County department of business license. *Id.* at § 4.08.105. The director is authorized and empowered to prescribe, adopt and enforce rules and regulations relating to the administration and enforcement of the Tax. *Id.*

While § 4.08.055(c) provides that a hotel operator shall refund any over-collected tax to an occupant from whom it was incorrectly collected, this creates a duty on the part of a hotel operator, not a power to enforce on the part of a guest. As for § 4.08.075(c), which provides that "[n]o transient lodging tax may be refunded to an operator who collected it unless the operator has refunded the transient lodging tax to the occupant who paid it[,]" this provision sets a condition precedent to Clark County issuing any refund to a hotel operator, but does not give any powers of enforcement to a guest. There is no provision in Chapter 4.08 that explicitly grants power to enforce any provision to anyone other than the director.

Even in the absence of an explicit private right of action, one may be inferred under certain circumstances. This case is before the Court based on diversity jurisdiction, which requires the Court to "apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Therefore, to determine whether a private right of action exists under Chapter 4.08, the Court will apply Nevada law. The Nevada Supreme Court has held that "the absence of an express provision providing for a private cause of action to enforce a

statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy." *Baldonado v. Wynn Las Vegas*, LLC, 194 P.3d 96, 101 (Nev. 2008) (finding no private right of action for a statute that was silent as to enforcement). The *Baldonado* Court provides a three-part test to determine when a private right of action may be inferred from an ambiguously worded statute. *Id.* at 101. However, when presented with statutory language that is "clear and unambiguous, we give effect to the plain and ordinary meaning of the words . . ." *Williams v. United Parcel Servs.*, 302 P.3d 1144, 1147 (Nev. 2013). Therefore, when a statute is clear, courts "do not resort to other sources, such as legislative history, in ascertaining that statute's meaning." *Id.*

Here, the drafters of Chapter 4.08 took clear and specific efforts to provide for enforcement of the Tax, prescribing that power to the director of the Clark County department of business license, with the consent and approval of the board of county commissioners of Clark County, Nevada. Clark County Code §§ 4.08.005, 4.08.105. Neither party asserts that any other statute provides for enforcement of Chapter 4.08, and within the statute itself, there is no ambiguity in the language as to enforcement. Rather, the explicit provisions granting enforcement authority to the director supports the conclusion that the drafters did not intend to create a private right of action for Chapter 4.08. Moreover, § 4.08.075, which requires that refunds of the Tax must be requested from the department of business license, further supports this interpretation of Chapter 4.08. Given the explicit language providing for enforcement by the director, and its unambiguous language, the plain meaning of Chapter 4.08 does not create a private right of action. Mr. Drury's claims that seek to enforce provisions of Chapter 4.08 must therefore fail as a matter of law.

Mr. Drury's claim for deceptive business practices includes allegations for failure to disclose tax-exemption, misrepresentation, and fraudulent concealment, all of which rely on § 4.08.100, a provision which requires hotel operators to display notice to occupants of the Tax. Mr. Drury's allegation of fraudulent conversion is brought under Chapter 4.08 generally, asserting that Siegel collected an amount higher than permitted under the Tax. Since all of the allegations supporting the claim for deceptive business practices seek to enforce Chapter 4.08, which does not provide for a private right of action, they fail as a matter of law. The Court will grant summary judgment in favor of Siegel and against Mr. Drury on Count 1.

### B. Retaliatory Conduct and Abuse of Process

Mr. Drury's claims for retaliatory conduct under Nevada Revised Statute § 118A.510 and abuse of process are based on the contention that Siegel evicted him in retaliation for his complaints to the Clark County Auditor's Office, and for his threats to pursue legal action against Siegel regarding its refusal to reduce the weekly rate. The parties both move for summary judgment on these claims. Mr. Drury argues that Siegel's No Cause Notice was retaliation to Mr. Drury's attempts to attain a refund from Siegel, that the timing of the notice shows that it was retaliatory and meant to intimidate, and that the provision of Chapter 4.08 provide for a private right of action.

Siegel argues that Chapter 4.08 does not provide for a private right of action, that Mr. Drury does not belong to any class of tenants that are protected by Nevada's retaliatory conduct statute, that Mr. Drury has failed to provide proof of damages for these claims, that its No Cause Notice was not issued for any ulterior motive, and that the notice was not a judicial process.

As to Siegel's argument that these claims seek to enforce Chapter 4.08, the Court draws a distinction between claims that arise from a conflict about Chapter 4.08, and claims that arise under the statute itself. Mr. Drury seeks relief for what he claims is retaliatory eviction because of his requests for a refund that he asserts he was entitled to receive under Chapter 4.08. He does not seek to enforce any provision of Chapter 4.08 in this claim, so the Court will consider it on its merits.

To prevail on a claim for retaliatory conduct under Nevada Revised Statutes § 118A.510 a plaintiff must show that the landlord retaliated to one of the following situations:

(a) The tenant has complained in good faith of a violation of a building, housing or health code applicable to the premises and affecting health or safety to a governmental agency charged with the responsibility for the enforcement of that code;

(b) The tenant has complained in good faith to the landlord or a law enforcement agency of a violation of this chapter or of a specific statute that imposes a criminal penalty;

(c) The tenant has organized or become a member of a tenant's union or similar organization;

(d) A citation has been issued resulting from a complaint described in paragraph (a);

(e) The tenant has instituted or defended against a judicial or administrative proceeding or arbitration in which the tenant raised an issue of compliance with the requirements of this chapter respecting the habitability of dwelling units;

(f) The tenant has failed or refused to give written consent to a regulation adopted by the landlord, after the tenant enters into the rental agreement, which requires the landlord to wait until the appropriate time has elapsed before it is enforceable against the tenant;

(g) The tenant has complained in good faith to the landlord, a government agency, an attorney, a fair housing agency or any other appropriate body of a violation of NRS 118.010 to 118.120, inclusive, or the Fair Housing Act of 1968, 42 U.S.C. §§ 3601 et seq., or has otherwise exercised rights which are guaranteed or protected under those laws; or

(h) The tenant or, if applicable, a cotenant or household member, is a victim of domestic violence or terminates a rental agreement pursuant to NRS 118A.345.

Nev. Rev. Stat. § 118A.510. The statute provides for the recovery of actual damages. *Id.* § 118A.390; *See also Paullin v. Sutton*, 724 P.2d 749, 751 (Nev. 1986).

In support of his claim for retaliatory conduct, Mr. Drury provides an e-mail he sent to Rhonda Armstrong, dated November 19, 2013. Pl's. Mot. for Summ. J., Ex. 5 (ECF No. 78-5). In this e-mail, Mr. Drury requests a further refund from Siegel, and states that he is prepared to "move forward with legal action" if his concerns are not addressed to his satisfaction. *Id.* at p.3. Siegel concedes that the No Cause Notice was sent in response to this e-mail. Def's Resp. to Mot. for Summ. J. at p. 16:7 (ECF No. 84). However, the e-mail and Siegel's concession do not show that Mr. Drury's situation fits any of the conditions described in § 118A.550. In light of this and the fact that Mr. Drury has failed to provide proof of any damages, Mr. Drury has not met his initial burden to show that there is no genuine issue of material fact that Siegel did engage in retaliatory conduct. To the contrary, by pointing out an absence of evidence required to support Mr. Drury's claim, Siegel has met its burden to show that there is no genuine issue of material fact that it did not engage in retaliatory conduct. Mr. Drury has failed to respond with evidence of a genuine issue of material fact that remains for trial, so the Court will deny summary judgment for Mr. Drury and grant it for Siegel for the claim of retaliatory conduct.

As for Mr. Drury's related claim of abuse of process, to succeed on such a claim in Nevada, a plaintiff must establish both "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002). For an abuse of process claim to succeed, a plaintiff must provide "facts, rather than conjecture, showing that the party intended to use

the legal process to further an ulterior purpose." *Land Baron Inv. v. Bonnie Springs Family LP*, 356 P.3d 511, 519 (Nev. 2015). Moreover, as the tort of abuse of process is intended to protect the integrity of the courts, the process utilized must be a *judicial* process, directly found upon a court's authority. *Id.*

Here, Mr. Drury claims that the No Cause Notice was served in retaliation for his repeated requests for a refund. However, Mr. Drury has not provided any evidence of an ulterior motive or that Siegel intentionally used the legal process to accomplish that purpose. Mr. Drury has therefore not met his burden on summary judgment for this claim. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (stating that the Court need not "comb the record" looking for a genuine issue of material fact if the party has not brought any evidence to the Court's attention). Siegel, however, has met its burden of demonstrating that no genuine issue of material fact remains that it did not engage in abuse of process, by pointing out that Mr. Drury has failed to provide evidence to support his allegations for this claim. Mr. Drury has failed to respond with evidence of a genuine issue of material fact that remains for trial, so the Court will grant summary judgment in favor of Siegel and against Mr. Drury for the abuse of process claim.

### C. Failure to Provide Tax-Exempt Status

Mr. Drury's claim for failure to provide tax-exempt status is explicitly predicated on § 4.08.050(b), which provides an exemption to the Tax after thirty days. Siegel moves for summary judgment on this claim, arguing that there is no private right of action under Chapter 4.08, and that in any event, the Tax was not collected from Mr. Drury, so he is not owed a refund, and can claim no damages. Mr. Drury responds that the provisions regarding refunds for over-collected tax establish a private right of action.

Given that no private right of action exists under Chapter 4.08, Siegel is entitled to judgment as a matter of law. The Court will therefore grant summary judgment in favor of Siegel for this claim.

### D. Failure to Post Notice

Mr. Drury brings his claim for failure to post notice under both Nevada Revised Statutes § 651.030 and Clark County Code § 4.08.100, arguing that Siegel failed to post printed notice of the

Tax or the room rate, in violation of those statutes. Siegel moves for summary judgment on this claim, arguing that there is no private right of action under Clark County Code Chapter 4.08, that the claim is moot in light of Plaintiff's acknowledgment that he was aware of the Tax and the exemption, that § 651.030 has no connection to the Tax, and that § 651.030 is not applicable to the Hotel. Mr. Drury did not respond to this portion of Siegel's motion.

Clark County Code § 4.08.100 requires a hotel operator to post a conspicuous notice to occupants as to the Tax. The Court has found that no private right of action exists under Chapter 4.08. As for Nevada Revised Statutes § 651.030, it requires that innkeepers must post conspicuous notices of the text of §§ 651.010, 651.020, and 651.030 in every bedroom of their establishments, and also maintain a printed statement of the charge or rate of charges by the day for lodging, and make such statement available for viewing. Section 651.030 also contains a provision for a remedy for any violation of the statute, requiring the offending owner to forfeit to the injured party three times the amount of the sum charged in excess of what the offender was entitled to charge.

Given that no private right of action exists under Chapter 4.08, Siegel is entitled to judgment as a matter of law on this portion of the claim. By pointing out that Mr. Drury has not provided any evidence to show that Siegel failed to post the specified notices, Siegel has met its burden of demonstrating that no genuine issue of material fact remains that it did not fail to post notice as required. Mr. Drury has failed to respond with evidence of a genuine issue of material fact that remains for trial, so the Court will grant summary judgment in favor of Siegel for this claim.

### E. Failure to Provide Notice of Rate Increase

Mr. Drury's claim for failure to provide notice of rate increase seeks relief under Nevada Revised Statutes § 118A.300, but is predicated on Clark County Code § 4.08.050, which provides an exemption to the Tax for rents received beyond thirty days. Siegel moves for summary judgment on this count, arguing that there is no private right of action under Chapter 4.08, and that in any event, that there was no rate increase, since it was not required to reduce his rate after the thirty-day period. Mr. Drury responds by reiterating his argument that the provisions of Chapter 4.08 regarding refunds for over-collected tax establish a private right of action. Siegel replies that Nevada Revised Statutes § 118A.300 does not apply to the Hotel.

This claim relies directly on Chapter 4.08, as Mr. Drury's only support to the allegation that his rate was increased is his claim that Siegel violated the exemption provision of Chapter 4.08. This claim is therefore an attempt to enforce Chapter 4.08, which does not provide a private remedy. Given that no private right of action exists under Chapter 4.08, Siegel is entitled to judgment as a matter of law. The Court will therefore grant summary judgment in favor of Siegel for this claim.

### F. Illegal Contract

Mr. Drury alleges that a document that Siegel's guests are required to sign at check-in constitutes an illegal contract under Nevada Revised Statutes § 118A.220, which prohibits rental agreements from including provisions to pay landlord's attorney's fees, except under certain prescribed circumstances. Mr. Drury's allegation is based on a folio titled "Siegel Slots & Suites Community Policies." Siegel moves for summary judgment on this claim, arguing that Mr. Drury does not show that the document he refers to constitutes a contract, or that he has suffered any damages related to the provisions at issue. Mr. Drury did not respond to this portion of Siegel's motion.

In its motion, Siegel points out that Mr. Drury has not produced any record of the document he refers to, or any evidence to support this claim other than the allegations in his complaint. By pointing out the absence of evidence to support Mr. Drury's claim, Siegel has met its initial burden of proving that there is no genuine issue of material fact that it did not create or enter into an illegal contract. Once Siegel has met its initial burden, Mr. Drury was required to come forward with evidence that a genuine issue of material fact remains for trial. *Leisek*, 278 F.3d at 898. Mr. Drury has not done so, and because of this failure, there is no genuine issue of material fact that the parties did not enter into an illegal contract. The Court will therefore grant summary judgment in favor of Siegel for this claim.

### G. Failure to Refund Tax Overcharge

Mr. Drury's claim for failure to refund tax overcharge is predicated on Clark County Code § 4.08.055(c), which provides that a hotel operator shall refund any over-collection of the Tax to the occupant from whom it was incorrectly collected. The parties both move for summary judgment on this claim. Mr. Drury argues that a private right of action exists under Chapter, 4.08, that Siegel

11

collected the Tax after the thirty-day exemption applied, and that Siegel refused to reduce the rate after the refund. Siegel argues that no private right of action exists under Chapter 4.08, and that in any event, Mr. Drury was given a refund that covers his claims for overcharge from before February, 2013, and he was explicitly informed that his $159 rate would be untaxed thereafter.

This claim relies directly on Chapter 4.08, for which there is no private right of action. Siegel is therefore entitled to judgment as a matter of law. The Court will grant summary judgment in favor of Siegel and against Mr. Drury for this claim.

**H.  Conversion**

Mr. Drury's claim for conversion reiterates his claim for fraudulent conversion made in his claim for deceptive business practices, and is predicated on Chapter 4.08 generally, citing the amount of the Tax allegedly collected as having been converted by Siegel. The parties both move for summary judgment on this claim. Mr. Drury argues that Siegel was required to reduce its weekly rate once the exemption to the Tax applied, and that by failing to do so, it converted an amount equal to 12% of the weekly rate for the period of Mr. Drury's stay after the refund until his departure. Siegel argues that there is no private right of action under Chapter 4.08, and that in any event, Mr. Drury was given a refund for the period up to March 1, 2013, and was explicitly informed that his rate would be $159 per week thereafter, not including the Tax.

To prevail on a claim of conversion, a plaintiff must establish "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein *or* in derogation, exclusion, or defiance of such title or rights." *M.C. Multi Family Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 542 (Nev. 2008) (emphasis in the original). The only evidence Mr. Drury provides to support the claim of conversion is Siegel's failure to reduce its weekly rate by the amount of the Tax imposed under Chapter 4.08, which does not allow for a private right of action. To the extent that this claim is an attempt to enforce Chapter 4.08, Siegel is entitled to judgment as a matter of law. On the other hand, to the extent that this claim is a common law conversion claim, Siegel has met its burden on summary judgment by pointing out that Mr. Drury does not provide any evidence of improper control over his property by Siegel. Mr. Drury has failed to show that there is a genuine issue of material fact remaining for trial for this claim. The

Court will therefore grant the motion for summary judgment for Siegel and against Mr. Drury for the claim of conversion.

### I. Fraud

Mr. Drury's claim for fraud reiterates the allegations of fraud made in his first claim for deceptive business practices, and is predicated on Chapter 4.08 generally and § 4.08.050 specifically. Section 4.08.050 provides for an exemption to the Tax for all rents received beyond thirty days, which Mr. Drury argues Siegel unlawfully retained. Siegel moves for summary judgment on this claim, arguing that there is no private right of action under Chapter 4.08, and that in any event, Mr. Drury was explicitly informed that his rate would be $159 per week without regard to any tax when he checked-in at the Hotel, that he was refunded for tax collected for the period before March 1, 2013, and that he was explicitly informed that his rate would be $159 thereafter. Mr. Drury responds by arguing that the provisions of Chapter 4.08 regarding refunds for over-collected tax establish a private right of action.

In Nevada, to prevail on a claim for fraudulent misrepresentation, a plaintiff must establish "(1) [a] false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998).

This claim seeks to indirectly enforce Chapter 4.08, for which no private right of action exists. Thus, to the extent that this claim is predicated on Chapter 4.08, Siegel is entitled to judgment as a matter of law. To the extent that this claim is for common law fraud, Mr. Siegel has met its initial burden by pointing out that Mr. Drury has not provided evidence that Siegel made any knowingly false statements. Once Siegel met this burden, Mr. Drury was required to come forward with evidence to show that a genuine issue of material fact remains that Siegel engaged in fraud. Having failed to do so, the Court will grant summary judgment for Siegel on this claim.

### J. Intentional Infliction of Emotional Distress

Mr. Drury's claim for intentional infliction of emotional distress ("IIED") is based on the e-

mail exchange between he and Michael Tisdale that occurred on February 18, 2013. *See* First Am. Compl., Ex. 1 (ECF No. 7-1). Mr. Drury does not allege any facts or provide any evidence for this claim other than the e-mails. Siegel moves for summary judgment on this claim, arguing that this claim is barred by the expiration of the statute of limitations, that there was no extreme or outrageous conduct in the e-mail exchange, and that Mr. Drury has not provided evidence of any actual emotional distress. Mr. Drury did not respond to this portion of Siegel's motion.

In Nevada, to prevail on a claim for intentional infliction of emotional distress, a plaintiff must establish (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) that plaintiff suffered severe or extreme emotional distress; and (3) actual or proximate causation. *Dillard Dept. Stores, Inc. v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999). Under Nevada Revised Statutes § 11.190(4)(e), any action to recover damages for injuries to a person caused by the wrongful act or neglect of another must be commenced within two years.

Mr. Drury's action was brought on October 23, 2015, more than two years after the e-mail exchange with Michael Tisdale. Given that this claim is barred by the applicable statute of limitations, the Court will grant summary judgment in favor of Siegel for this claim.

### K. Negligent Infliction of Emotional Distress

Mr. Drury's claim for negligent infliction of emotional distress ("NIED") incorporates all allegations made in his complaint, without reference to any specific act or event. Siegel moves for summary judgment on this claim, arguing that it is barred by the expiration of the statute of limitations, and that Mr. Drury has not provided evidence of any bodily injury or actual emotional distress. Mr. Drury did not respond to this portion of Siegel's motion.

Nevada recognizes a cause of action for NIED when "a bystander suffers serious emotional distress which results in physical symptoms caused by apprehending the death or serious injury of a loved one due to the negligence of [a] defendant." *Chowdhry v. NLVH*, Inc., 851 P.2d 459, 462 (Nev. 1993). When a physical impact is established, a plaintiff may also recover under an NIED claim for a negligent act that has been committed directly against him. *Id.* However, Nevada courts have consistently "required a plaintiff alleging negligent infliction of emotional distress to demonstrate some 'physical impact' beyond conditions of insomnia or general discomfort." *Sadler*

*v. PacifiCare of Nev.*, 340 P.3d 1264, 1268 (Nev. 2014).

Mr. Drury's action was brought on October 23, 2015, fewer than two years after he left the Hotel. Viewing the evidence in the light most favorable to Mr. Drury, his claim for NIED did not necessarily ripen until the events immediately preceding his departure, so it is not time-barred by Nevada Revised Statutes § 11.190(4)(e). In its motion, Siegel points to the absence of any evidence supporting the NIED claims, including the lack of any evidence of a physical impact or emotional distress. Once Siegel met its burden to show that there is an absence of evidence to support the NIED claim, Mr. Drury was required to come forward with evidence that a genuine issue of material fact remains for trial. Having failed to do so, no genuine issue of material fact remains that Siegel did not negligently inflict emotional distress on Mr. Drury. The Court will therefore grant summary judgment in favor of Siegel for this claim.

**L.  Unjust Enrichment**

Mr. Drury's unjust enrichment claim is explicitly based on § 4.08.050 and Siegel's failure to reduce its rate after the exemption applied. Mr. Drury argues that this was a violation of their implied agreement. Siegel moves for summary judgment on this count, arguing that there is no private right of action under Clark County Code Chapter 4.08, and that in any event, it did not retain anything from Mr. Drury to which it was not entitled. Mr. Drury responds that the provisions of Chapter 4.08 regarding refunds for over-collected tax establish a private right of action. Siegel replies that Mr. Drury cannot articulate any damages for this claim, and that a claim for unjust enrichment is inconsistent with his claim for illegal contract.

In Nevada, to prevail on a claim for unjust enrichment, a plaintiff must show that he conferred "a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. V. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (internal quotation marks omitted). An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement. *Leasepartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997).

This claim seeks to indirectly enforce Chapter 4.08 and recover the amount of the Tax allegedly collected by Siegel. No private right of action exists under Chapter 4.08. Thus, to the extent that this claim is predicated on Chapter 4.08, Siegel is entitled to judgment as a matter of law. On the other hand, to the extent that this claim is for unjust enrichment, Siegel has met its initial burden on summary judgment by pointing out that there is an absence of evidence to support Mr. Drury's claim. Mr. Drury has failed to provide evidence that Siegel's retention of the entire $159 weekly rate is inequitable under these circumstances, or that Siegel accepted or retained any other benefit that it was not entitled to retain. Once Siegel met its burden, Mr. Drury was required to come forward with evidence that a genuine issue of material fact remains for trial. Mr. Drury has not done so, the Court will therefore grant summary judgment for Siegel on the claim of unjust enrichment.

### M. Breach of Covenant of Good Faith and Fair Dealing

Mr. Drury's breach of covenant of good faith and fair dealing claim is based on his argument that Siegel failed to reduce its weekly rate after the Tax no longer applied, and thus relies on Chapter 4.08. Siegel moves for summary judgment on this count, arguing that Chapter 4.08 does not create a private right of action, and that in any event, Mr. Drury has failed to allege an enforceable contract between the parties. Mr. Drury responds that the provisions of Chapter 4.08 regarding refunds for over-collected tax establish a private right of action. In its reply, Siegel argues that Mr. Drury fails to provide any proof of damages for this claim.

In Nevada, to recover for a claim of breach of covenant of good faith and fair dealing, a plaintiff must show that the opposing "party perform[ed] a contract in a manner that [was] unfaithful to the purpose of the contract and the justified expectations of the other party [were] thus denied . . . ." *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). To the extent that this claim is predicated on Chapter 4.08, Siegel is entitled to judgment as a matter of law. On the other hand, to the extent that this claim is for breach of covenant of good faith and fair dealing, Siegel has met its initial burden by pointing out that Mr. Drury has not provided evidence to establish that a contract existed, or that his justifiable expectations were denied. Once Siegel met this burden, Mr. Drury was required to come forward with evidence that a genuine issue of material fact remains for trial. Mr. Drury has not done so. The Court will therefore grant the motion for summary judgment for Siegel

on this claim.

### III. Mr. Drury's Claims Against Individually-Named Defendants

Siegel argues that its motion for summary judgment should be granted for all claims made against individually-named Defendants Stephen G. Siegel, Michael Tisdale, Rhonda Armstrong, Celeste Souza, and Nakia Sanders, since their involvement in these matters is so limited that no genuine issue of material fact exists that they cannot be held liable in their individual capacity as to any of Mr. Drury's claims. Mr. Drury does not respond to this aspect of Siegel's motion.

Mr. Drury does not provide any evidence or allegation specific to Stephen Siegel or Nakia Sanders' involvement in this matter. The only reference in the record to Stephen Siegel is Mr. Drury naming him in his First Amended Complaint in his capacity as President and Chief Executive Officer of The Siegel Group Nevada Inc. First Am. Compl., at ¶ 8. Similarly, the only reference to Nakia Sanders is from the First Amended Complaint, listing her as a front desk clerk at the Hotel. *Id.*, at ¶ 12. As to Rhonda Armstrong and Celeste Souza, Mr. Drury references them only to show that they disputed that Siegel owed him a refund of the Tax, directed him to speak to Michael Tisdale, and refused his request for itemized daily charges. *Id.,* at ¶¶ 15, 16, 35, 36, 37, and 41. Mr. Drury provides further allegations against Michael Tisdale, making him the specific subject of his claim for IIED, but as discussed above, summary judgment was granted on that claim. However, under all other claims, Mr. Drury makes reference to Michael Tisdale only as the author of e-mails that convey Siegel's refusal to reduce the weekly rate. Therefore, with the exception of the IIED claim against Michael Tisdale, Mr. Drury has provided no evidence, nor articulated any rationale on the record for individual liability of any of the named Defendants. *Carmen*, 237 F.3d at 1029 (stating that the Court need not "comb the record" looking for a genuine issue of material fact if the party has not brought any evidence to the Court's attention).

Apart from the IIED claim, for which summary judgment has been granted, Siegel shows that there is an absence of evidence that the individually-named Defendants may be held individually liable for Mr. Drury's claims. Having met its initial burden for summary judgment, Mr. Drury was then required to come forward with evidence that a genuine issue of material fact remains that any of the named Defendants are individually liable. Since Mr. Drury failed to do so, no genuine issue of

material fact remains that the individually-named Defendants are not liable for any of Mr. Drury's non-IIED claims. The Court will therefore grant summary judgment in favor of the individually named Defendants on all claims.

**IV.     Mr. Drury's Motion for Declaratory Judgment**

Mr. Drury asks the Court to issue a declaratory judgment that Siegel violated Chapter 4.08 and also to order an independent audit of the hotel to determine how many guests have been overcharged. Siegel opposes the motion, citing *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayna Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) which provides that "a party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for declaratory judgment." (emphasis added). In his reply, Mr. Drury concedes that the motion is procedurally improper, but he requests leave to supplement his First Amended Complaint to address this defect.

The deadline to amend the pleadings in this case was October 25, 2016, approximately three months before the Motion for Declaratory Judgment was filed. Scheduling Order (ECF No. 56). Under Local Rule 26-4, a motion to extend a deadline set by a scheduling order that is made after the expiration of the deadline must be supported by a showing of good cause for an extension and excusable neglect for the failure to comply with the deadline.

To find good cause for an extension of a scheduling deadline, courts evaluate the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.* To determine when neglect leading to a missed deadline is excusable, courts consider the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

Given that the subject deadline had passed more than five months before Mr. Drury's request, and the lack of any explanation for this delay, the Court does not find good cause for an extension. Moreover, while the Court finds no suggestion that the request for an extension was made in bad faith, Mr. Drury offers no explanation why he waited five months after the deadline to make such a request. Since discovery had closed and both parties had already filed motions for summary

judgment when Mr. Drury requested the extension, allowing for an amendment to the pleadings at this stage of litigation would result in significant prejudice to Siegel.

Mr. Drury has not shown that there is good cause to extend the deadline to supplement the pleadings, nor has he shown that his failure to timely amend the pleadings was due to excusable neglect. The Court therefore declines his request to amend the pleadings. The Court will deny his Motion for Declaratory Judgment.

**V.  Conclusion**

IT IS THEREFORE ORDERED that Mr. Drury's Motion for Partial Summary Judgment (ECF No. 78) is DENIED.

IT IS FURTHER ORDERED that Mr. Drury's Motion for Declaratory Judgment (ECF No. 83) is DENIED.

IT IS FURTHER ORDERED that Siegel's Motion for Summary Judgment (ECF No. 90) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must enter judgment in favor of Defendants Barcelona Holdings, LLC, Siegel Group NV, Inc., Barcelona LV Holdings, LLC, Stephen G. Siegel, Michael F. Tisdale, Rhonda Armstrong, Celeste Souza, and Nakia Sanders and against Plaintiff Robert Drury.

DATED: September 29, 2017

_____
C.W. Hoffman, Jr.
United States Magistrate Judge